IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES D. HOBSON, JR.                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:08-cv-288(DCB)(JMR)

CHASE HOME FINANCE, LLC,
and PRIORITY TRUSTEE
SERVICES OF MISSISSIPPI, LLC                                     DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff, James D. Hobson, Jr.'s motion to remand **(docket entry 9)**, and for an extension of time to file his rebuttal to the defendants' response to the plaintiff's motion for summary judgment **(docket entry 11)**. Having carefully considered the motion and response, the memoranda and applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

On April 24, 2008, the plaintiff filed his Complaint in the County Court of Warren County, Mississippi. The Complaint names as defendants Chase Home Finance, LLC ("Chase"), and Priority Trustee Services of Mississippi, LLC ("Priority"). The Complaint alleges that defendant Chase was the holder of a deed of trust, and defendant Priority its trustee. Upon default by the mortgagor, Chase directed Priority to conduct a public foreclosure. Complaint, ¶ 6. Plaintiff states that he was the highest bidder at the foreclosure sale, and that he submitted a cashier's check in the amount of $60,948.82, which was accepted by Priority.

Complaint, ¶ 7. Plaintiff's check was then returned by the defendants, with explanation that the mortgagor had cured the default prior to the foreclosure sale. Complaint, ¶ 8. Plaintiff claims to be a bona fide purchaser for value without notice, and alleges that the defendants are in breach of an implied contract. He makes demand on the defendants for the property in exchange for his $60,948.82 or, in the alternative, for his lost profits from the cancelled sale. The Complaint alleges that the plaintiff's damages do not exceed $75,000.00. Complaint, ¶ 11 A-B.

On September 12, 2008, the plaintiff filed a Motion for Summary Judgment against defendants Priority and Chase. The motion was served by mail on the defendants' attorneys of record, Mark H. Tyson for Chase and Cory P. Sims for Priority. Motion for Summary Judgment, p. 4 ("Certificate"). On September 24, 2008, attorney Sims filed a Notice of Removal purportedly on behalf of Priority and Chase. Removal is based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Although the Notice of Removal was filed more than thirty days after receipt of the Complaint, the Notice of Removal states that the plaintiff's Motion for Summary Judgment constitutes "an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b). As stated above, the plaintiff's Complaint stated that he was not seeking over $75,000.00. In his Motion for Summary

Judgment, the plaintiff claims that the property had an appraised value of $156,000.00 at the time of the foreclosure sale.  He states that he is seeking $95,051.18 as damages, being the difference in the appraised value of the property and the price paid by the plaintiff ($60,948.82).  Motion for Summary Judgment, ¶ 8.  The Motion for Summary Judgment therefore established for the first time that the amount in controversy is over $75,000, and serves as grounds for removal.  The Notice of Removal was filed within thirty days of the summary judgment motion as required by § 1446(b).

In support of his Motion to Remand, the plaintiff asserts that only Priority filed the Notice of Removal in accordance with 28 U.S.C. § 1441(a), and that Chase did not join in the removal within the thirty day period provided by § 1446(b).  The defendants respond that attorney Sims formally acted on Chase's behalf when he filed the Notice of Removal, and therefore Chase was not required to subsequently join in the removal.

In considering disputes concerning jurisdiction, a "district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1203 (D. R.I. 1986). A removing defendant bears the burden of demonstrating that jurisdiction properly lies with the district court, and that removal was, indeed, proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995); Jernigan v.

Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993); Scott v. Communications Services, 762 F. Supp. 147, 149 (S.D. Tex. 1991). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C. § 1332(a). The removing party's responsibility "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." Albonetti v. GAF Corporation-Chemical Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981). A defendant's failure to satisfy this burden requires remand. Furthermore, when doubt exists as to the right to removal in the first instance, ambiguities are to be construed against removal. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Samuel v. Langham, 780 F. Supp. 424, 427 (N.D. Tex. 1992); see also, Fellhauer v. Geneva, 673 F. Supp. 1445, 1447 (N.D. Ill. 1987).

The statute governing what actions are removable states in part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. ...
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising

4

under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a),(b). The statute governing the procedure for removal states:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(a)(b).

The right to remove is purely statutory. Lewis v. Rego Co., 757 F.2d 66, 68 (3rd Cir. 1985). Most cases emphasize that the procedural requirements for removal from state to federal court,

5

although not jurisdictional, are to be strictly construed and enforced in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043, 1045 (E.D. Pa. 1989). There is nothing in the removal statute that suggests that a district court has "discretion" to overlook or excuse prescribed procedures. Defective removal procedure is a proper ground for remand. Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1215 (3rd Cir. 1991); Employers Ins. of Wausau v. Certain Underwriters, 787 F.Supp. 165, 166 (W.D. Wis. 1992); Shamrock Oil & Gas, 313 U.S. at 108-09.

When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. Samuel v. Langham, 780 F.Supp. 424, 427 (N.D. Tex. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1990)("all doubts [about removal] should be resolved in favor of remand"). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1203 (D. R.I. 1986). "The removing party bears the burden of showing that removal was proper." Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch, 776 F.Supp. 437, 439 (E.D. Wis. 1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981).

The Notice of Removal filed in this case begins:

> Pursuant to 28 U.S.C. § 1441, Defendants Priority Trustee Services of Mississippi, L.L.C., ("Priority") and Chase Home finance, LLC, ("Chase") file their Notice of Removal of the instant matter to the United States District Court for the Southern District of Mississippi ... .

Notice of Removal, p. 1. The pleading is signed by attorney Sims on behalf of the law firm of Morris, Schneider, Prior, Johnson & Freedman, L.L.C. of Atlanta Georgia. Notice of Removal, p. 3. Sims was the attorney of record only for Priority. Nothing in the Notice refers to any authority to sign the Notice of Removal on behalf of Chase.

As a general rule, all defendants must join in a removal petition in order to effect removal.[1] Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc., 676 F.2d 270, 272 (7th Cir. 1982); Padden v. Gallaher, 513 F.Supp. 770, 771 (E.D. Wis. 1981); Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 508 (E.D. Va. 1992); Knickerbocker v. Chrysler Corporation, 728 F.Supp. 460 (E.D. Mich. 1990); Fellhauer, 673 F.Supp. at 1447; Fields v. Reichenberg, 643 F.Supp. 777, 778 (N.D. Ill. 1986); Darras v. Trans World Airlines, Inc., 617 F.Supp. 1068, 1069 (N.D. Ill. 1985). See also Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14A

---

[1] There are three well-recognized exceptions to the rule that all defendants must join in the removal petition: (1) Where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). Moody v. Commercial Ins. Co., 753 F.Supp. 198, 200 (N.D. Tex. 1990). None of the exceptions apply here.

Federal Practice and Procedure § 3731, at 504-07 (West 2d Ed. 1985).

Although not provided for in § 1446, removal generally requires that all defendants then served join in or consent to removal within thirty days of receipt of the complaint or other paper. This joinder or consent requirement is known as "the rule of unanimity." Smith v. Union Nat'l Life Ins. Co., 187 F.Supp.2d 635, 640 (S.D. Miss. 2001)("There is no express statutory requirement for joinder or consent by codefendants; however, the case law firmly establishes this requirement, which is known as the 'rule of unanimity.'"). The requirement that each defendant join in or consent to removal does not mean that each defendant must actually sign the notice of removal. However,

> there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant.

Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).

The Notice of Removal in this case is signed only by counsel for Priority. Although the Notice recites that it is "filed" by both Priority and Chase, Chase did not file a written document indicating its consent. In a belated attempt to cure this defect, the defendants rely on the affidavit of Mark H. Tyson, attorney for

Chase, wherein he states that "Sims was authorized to sign the notice of removal filed in this action on Chase's behalf." Tyson Aff., p. 1. Chase has not produced a written authorization or consent. Moreover, neither the Tyson affidavit nor any authorization or consent was filed within the thirty-day removal period as required by § 1446(b).

In addition, the representation in the Notice that it is "filed" by both Priority and Chase, even if construed as a statement that Chase joined in or consented to removal within the thirty day removal period, is insufficient because the Notice is signed only by Priority's attorney. See Ogletree v. Barnes, 851 F.Supp. 184, 187 (E.D. Pa. 1994)(representation in notice of removal that "[a]ll defendants to this action consent to its removal" held insufficient); Samuel v. Langham, 780 F.Supp. 436, 442 (N.D. Tex. 1992)(same). In Hammonds v. Youth for Christ USA, 2005 WL 3591910 (W.D. Tex. Aug. 16, 2005), counsel for the removing defendant stated in the notice of removal that he had conferred with counsel for the remaining defendants and that they were in agreement with the removal. The court found that "[s]uch a statement signed only by counsel for the removing defendant is insufficient to fulfill the 'procedural requirements of the removal statute.'" Id. at *3 (citations omitted).

In Baker v. Ford Motor Company, 1997 WL 88260 (N.D. Miss. 1997), counsel for one defendant, Grumman Allied Industries,

9

removed to federal court on grounds of diversity jurisdiction. The other defendant, Ford Motor Company, filed a joinder four days after the deadline for removal. Grumman's notice of removal, however, contained the statement that Ford, through its counsel, was joining in the removal. In opposing a motion to remand, Ford's counsel filed an affidavit stating that "he authorized Grumman's counsel 'to include affiant's name in the Notice of Removal and to bind Ford Motor Company in the Notice of Removal.'" The affidavit further stated that the separate joinder was a "'redundant formality ... to confirm the already-established fact that [Ford] joined in the Notice of Removal filed December 3, 1996.'" Id. at * 1.

> In rejecting the defendants' argument, the court noted:
>
> The notice of removal does not state that Grumman was authorized to represent that Ford had consented to the removal, and no document was filed at the time of removal or within the prescribed 30-day period showing that the representation in the notice of removal was even authorized. Getty Oil Corp., Div. of Texaco, Inc., 841 F.2d at 1262 n. 11 (removal petition "does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal"). The affidavit could be construed as "'an official filing or voicing of consent,'" as required by the majority view but is untimely. Knickerbocker v. Chrysler Corp., 728 F.Supp. 460, 461 (E.D. Mich. 1990)(citations omitted). Even if the representation were presumed to have been authorized at the time of removal, it is not the equivalent of written consent by Ford or its attorney, and oral consent expressed to Grumman's counsel falls short of the requirement that served defendants "officially indicate their unanimity in the removal of an action in a timely fashion." Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825, 828 (S.D. Tex. 1981). In other words,

> each served defendant must timely express consent to the court, as opposed to the removing defendant.

Id. at * 1. The court found that the allegation in the notice of removal did not constitute the required joinder in or consent to removal and that the affidavit did not cure the defect since it was not filed within the thirty day period. Id.

The defendants in the case at bar also claim that attorney Sims was serving as "lead counsel" for both defendants on the removal issue; however, as previously noted, the Fifth Circuit requires a "<u>timely filed written</u> indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect <u>and to have authority to do so</u>, that it has actually consented to" the removal. Getty, 841 F.2d at 1262 n.11 (emphases added).

In Baker, the defendants contended that Grumman's counsel served as lead counsel on the removal issue and filed Ford's joinder. The court rejected this argument, noting that Ford and Grumman were represented by separate counsel. In the case before this Court, it is undisputed that at the time of removal Priority and Chase were represented by separate counsel. The Baker court also noted that 28 U.S.C. § 1446(a) requires that a notice of removal must be "signed pursuant to Rule 11." Rule 11, in turn, requires that each pleading, written motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. Rule 11 "does not authorize one party to

11

make representations or file pleadings on behalf of another." Miles v. Kilgore, 928 F.Supp. 1071, 1076 (N.D. Ala. 1996). Thus, each defendant or its official representative is required to indicate its joinder in or consent to removal. Baker, 1997 WL 88260 at * 2. Even if Priority and Chase were represented by the same counsel, counsel was required to indicate that he was signing the Notice for Chase as well as for Priority. See Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 508-509 (E.D. Va. 1992)(each defendant must consent to removal "officially," "affirmatively" and "unambiguously"). This is in keeping with the principle that the right to remove is purely statutory, and that any ambiguities are to be strictly construed in favor of remand.

> There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while insuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove. Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F.Supp. 1236, 1238 (N.D. W.Va. 1993).

Jarvis v. FHP of Utah, Inc., 874 F.Supp. 1253, 1255 (D. Utah 1995); see also Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074, 1077 (E.D. Wisc. 1993)("Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.").

The notice of removal in the case at bar is procedurally defective on the ground that Chase did not comply with the thirty day time limitation. This defect has not been waived by the plaintiff and cannot be cured now. Although a defendant is free to amend a notice of removal within the thirty day period set forth in 28 U.S.C. § 1446(b), once the thirty day period has expired, amendment is not available to cure a substantive defect in removal proceedings. Moody v. Commercial Ins. Co. of Newark, N.J., 753 F.Supp. 198, 201-02 (N.D. Tex. 1990). Although a plaintiff can waive a procedural defect in removal by failing to file a timely motion to remand, the plaintiff in this case filed a timely motion to remand and has not waived the defect.

Based on the foregoing, the Court concludes that Chase has failed to join in or consent to the Notice of Removal filed by Priority within the thirty day time limitation of 28 U.S.C. § 1446(b). Further, the Court finds that there was no independent and unambiguous notice of joinder or consent by Chase within said period. Therefore, the removal of this action to federal court is defective. When a party makes a timely motion to remand asserting a procedural defect, such as the failure of all defendants to join in or consent to removal, remand is required. Thompson v. Louisville Ladder Corp., 835 F.Supp. 336, 339-40 (E.D. Tex. 1993). The plaintiff's motion to remand is well taken, and this action shall be remanded to the state court.

The plaintiff's motion for extension of time to file his rebuttal to the defendants' response to the plaintiff's motion for summary judgment is moot inasmuch as all proceedings except those dealing with removal and remand have been stayed in this action pending disposition of the motion to remand. Accordingly,

IT IS HEREBY ORDERED that the plaintiff, James D. Hobson, Jr.'s motion to remand **(docket entry 9)**, is GRANTED, and this action shall be remanded to the County Court of Warren County, Mississippi;

FURTHER ORDERED that the plaintiff's motion for an extension of time to file his rebuttal to the defendants' response to the plaintiff's motion for summary judgment **(docket entry 11)** is MOOT.

SO ORDERED, this the 31st day of August, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE